IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMY E. PARKER**  **PLAINTIFF**

v.  CIVIL NO. 1:16-cv-324-HSO-JCG

**CHEVRON U.S.A., INC.,
CHEVRON CORPORATION,
CHEVRON REFINERY PASCAGOULA,
and JOHN DOES 1-10**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S [4] MOTION TO REMAND AND REQUEST FOR COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)

BEFORE THE COURT is Plaintiff's Motion to Remand [4] filed September 30, 2016.  This Motion is now fully briefed.  Plaintiff seeks remand of this matter to state court and an award of costs and expenses under 28 U.S.C. § 1447(c) for an improper removal.  Having considered Plaintiff's Motion, the record as a whole, and relevant legal authority, the Court is of the opinion that Defendants Chevron U.S.A., Inc., Chevron Corporation, and Chevron Refinery Pascagoula have not carried their burden of establishing that removal to this Court was proper, thus Plaintiff's Motion is well taken and should be granted and this matter should be remanded to the Circuit Court of Jackson County, Mississippi.  The Court is further of the opinion that Plaintiff should be granted costs and expenses, including attorneys' fees, under 28 U.S.C. § 1447(c).

I. BACKGROUND

This case arises out of alleged unlawful employment practices by Defendants Chevron U.S.A., Inc., Chevron Corporation, and Chevron Refinery Pascagoula for allegedly violating Plaintiff Amy E. Parker's ("Plaintiff") rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2.  Compl. [1-2] at 14-18.  On April 15, 2016, Plaintiff filed a Complaint [1-2] in the Circuit Court of Jackson County, Mississippi, asserting claims against Defendants for discrimination, and seeking lost wages and other compensatory damages, punitive damages, attorneys' fees, and costs.  *Id.*  On July 22, 2016, Plaintiff filed an Amended Complaint [1-2].  Am. Compl. [1-2] at 2-5.

On September 2, 2016, Defendants Chevron U.S.A., Inc., Chevron Corporation, and Chevron Refinery Pascagoula ("Chevron")[1] filed a Notice of Removal [1] from state court on the basis of federal question jurisdiction. Notice of Removal [1] at 1-3.  The Notice of Removal alleges that Chevron was served "[o]n or about August 2, 2016," thus "[f]ewer than 30 days have elapsed since this action became removable."  Notice of Removal [1] at 2.  The Notice further asserts that

---

[1] On October 6, 2016, Defendant Chevron U.S.A., Inc., filed its Disclosure Statement [7] in which it averred that it was the sole proper Defendant and that Chevron U.S.A., Inc., had been "incorrectly sued as Chevron, U.S.A., Inc., Chevron Corporation, and Chevron Refinery of Pascagoula."  In the Response [12] to Plaintiff's Motion for Remand, Defendant Chevron U.S.A., Inc., asserted that Chevron Corporation is "not registered to do business in the State of Mississippi," Resp. [12] at 4, and that "Chevron Refinery of Pascagoula is not even a legal entity capable of being sued," Resp. [12] at 4, n.2.  Based upon the representations of Defendant Chevron U.S.A., Inc., in its pleadings, the only proper Defendant in this case is Defendant Chevron U.S.A., Inc.

Chevron has "no record of being served with this action" but was basing the service date and the timeliness of the removal on information provided by Plaintiff's counsel on September 2, 2016. *Id.* at n.1.

On September 30, 2016, Plaintiff filed her Motion to Remand [4] asserting that the Notice of Removal was defective as follows:

> 2. The defects in the Removal include the following:
>
>> a. Removal was not timely, as it was filed more than thirty (30) days after service on first defendant;
>>
>> b. Notice of Removal did not include copy of all process, pleadings and orders served upon defendants to Plaintiff's Complaint, in violation of 28 U.S.C. § 1446(a);

Mot. to Remand [4] at 1.

In the Response [12], Chevron contends that, although its registered agent for process, Corporation Service Company ("CSC"), was served with the Summonses and the Complaint on August 2, 2016, CSC failed to forward the Summonses and the Complaint to Chevron, and therefore the removal should be deemed timely based upon the date of Chevron's discovery of the existence of the Complaint on September 2, 2016.[2] Resp. [12] at 1-7. Chevron contends that removal was timely

---

[2] In support of its Response, Chevron attaches the Affidavit of Steve Kirvan in which he admits that on August 2, 2016, CSC received "via personal service" three Summonses and the Complaint in the present matter, as well as two other lawsuits against the same Defendants. Resp. [12-2] at 1-2. The CSC employee who processed the "document packet" did not realize that there were three Summonses and processed only the "top-most Summons in the packet" for the present matter.

3

because the case was removed the "same day it became aware of its existence" and "[g]iven the circumstances, there are no procedural or substantive defects" in the Notice of Removal.  Resp. [12] at 1.  Chevron proffers that the removal clock did not start running until it received "<u>actual notice</u> of the complaint and summons" which makes its situation "analogous to that addressed by the Fifth Circuit in *City of Clarksdale v. Bellsouth Telecommunications, Inc*, 428 F.3d 206 (5th Cir. 2005)." *Id.* at 5 (emphasis in original).

II.  DISCUSSION

A.   The Removal Procedure

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441(a) (2012).  "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).  "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted

---

*Id.*  Thus, in the present matter only the Summons issued to "Chevron Corporation, an entity for which CSC is not the registered agent in Mississippi" was processed. *Id.*  On August 8, 2016, CSC mailed a "Rejection of Service of Process letter" for Chevron Corporation to Plaintiff's counsel.  *Id.*; Letter [12-2] at 16.

claim under either federal question or diversity jurisdiction." *Id.* at 259 (citation omitted).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 293 (5th Cir. 2010) (citing *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). For this reason, removal statutes are subject to strict construction "in favor of remand." *Ernewayn v. Home Depot U.S.A. Inc.*, 727 F.3d 369, 370 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *see also Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

28 U.S.C. § 1446(b) provides a 30 day window within which a defendant may remove a civil action. *Clarksdale*, 428 F.3d at 209. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

B.  <u>Chevron did not timely remove this matter within the 30 day time limit under 28 U.S.C. § 1446(b).</u>

Plaintiff asserts that Chevron's Notice of Removal was procedurally defective for two reasons: (1) lack of timeliness; and (2) failure to attach all required documents. The Court finds that this matter can be resolved on the issue of timeliness.

5

Chevron does not dispute that on August 2, 2016, Plaintiff perfected service of process on its registered agent for process, CSC. Resp. [12] at 2.  Chevron also acknowledges that its Notice of Removal was filed on September 2, 2016, thirty-one days after the actual date of service of the Summonses and Complaint.  Resp. [12] at 1.  The argument that Chevron advances is that because it did not receive "actual notice" of this matter until September 2, 2016, "the date for the 30-day countdown" for removal should be deemed to have commenced on September 2, 2016, based upon the Fifth Circuit's reasoning in *Clarksdale*.  Resp. [12] at 6.

The Court finds Chevron's reliance upon *Clarksdale* to be misplaced.  In *Clarksdale*, the Fifth Circuit held that under Mississippi law, service of process is perfected upon the service of a summons and complaint to a defendant corporation's "registered-agent corporation" at a time when the "registered-agent corporation" is open for business.  *Clarksdale*, 428 F.3d at 211-13.  In *Clarksdale*, the defendant was held to have received actual notice of the lawsuit on December 29, the first day the registered-agent corporation was open for business, not December 24, when plaintiff had actually delivered the summons and complaint, because the registered-agent corporation was closed for the holidays.  *Id.*

In the present case, Plaintiff effected service of process on CSC on August 2, 2016.  CSC was open for business that day.  Chevron's removal on September 2,

6

2016, was therefore untimely by Chevron's own admission.[3]  Because the removal was untimely, remand is required based upon a procedural defect in the removal.

C. <u>Plaintiff is entitled to costs and expenses, including attorneys' fees, because Chevron has not carried its burden of showing that it had an objectively reasonable basis for removal.</u>

Plaintiff seeks costs and expenses, including attorneys' fees, "incurred as result of this improvident and improperly maintained removal." Mot. to Remand [4] at 2. Chevron contends that Plaintiff's request should be denied because "Chevron removed this action in good faith without the ability to verify the dates of service." Resp. [12] at 7, n.4.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only," and should only be awarded if the removing party lacks an objectively reasonable basis for removal. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005); *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)).

---

[3] Chevron spends the majority of its Response attempting to cast blame on Plaintiff's counsel for CSC's failure to properly process the Summonses and Complaint. Chevron has cited to no legal authority, nor has the Court located any, to support the position that Chevron's designated agent's mishandling of the Summonses and Complaint somehow tolled the start of the 30 day clock.

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper. "The propriety of the defendant's removal continues to be central in determining whether to impose fees." *Id.* at 928. *See also Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321 (10th Cir. 1994) (declining to award fees on conclusion that defendant had legitimate basis for believing district court had jurisdiction); *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988) (holding fees to be inappropriate where removal was "fairly supportable"); *cf. Morgan Guar. Trust Co.*, 971 F.2d at 923 (awarding fees only after finding fault with defendant's tactics). In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) (footnote omitted).

The Fifth Circuit has explained that a district court's discretion in awarding ordinary court costs under § 1447(c), such as those available under Federal Rule of Civil Procedure 54(d)(1), is broader. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004). However, this discretion is not unlimited. *Id.*

In the present case, at the time Chevron filed its Notice of Removal on September 2, 2016, Chevron's understanding from Plaintiff's counsel was that service of process had been perfected on August 2, 2016, which rendered removal 31 days later on September 2, 2016, untimely. It is obvious to the Court, as it should have been to Chevron, that if service of process had occurred on August 2, 2016, Chevron's removal on September 2, 2016, would be untimely under 28 U.S.C. § 1446(b). Chevron's assertions that it acted in good faith because it was "without the ability to verify the dates of service" affords it little support because Chevron's own

8


agent, and therefore by extension Chevron, was served with the Summonses and Complaint on August 2, 2016. The documents Chevron claims it needed to review to verify service were in the custody and control of its own designated agent, CSC, and Chevron could have confirmed the date of service prior to filing the removal on September 2, 2016. Indeed, Chevron acknowledges in its Response that when it actually contacted CSC on October 10, 2016, CSC was able to verify that CSC had in fact received the Summonses and Complaint on August 2, 2016. Resp. [12] at 4.

Having considered the pleadings, the record as a whole, and relevant legal authority, and for the reasons set forth herein, the Court finds Chevron has not shown that it had an objectively reasonable basis for removing this case. Plaintiff's request for costs and expenses, including attorneys' fees, will be granted.

### III.  CONCLUSION

Because Chevron has not carried its burden of demonstrating that removal was proper or objectively reasonable, Plaintiff's Motion to Remand must be granted. Plaintiff's request for costs and expenses, including attorneys' fees under 28 U.S.C. § 1447(c), will also be granted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff Amy E. Parker's Motion to Remand [4] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Jackson County, Mississippi, and that a certified

copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's request for costs and expenses, including attorneys' fees under 28 U.S.C. § 1447(c), is **GRANTED**. If Plaintiff chooses to pursue such an award, she shall file in this Court the appropriate documentation or other proof within ten (10) calendar days of entry of this Order, including an itemized accounting of costs and actual expenses, including attorneys' fees, incurred as the result of Chevron's removal of this case. Defendant Chevron U.S.A., Inc., shall have ten (10) calendar days thereafter to file any objections. If Plaintiff fails to file this documentation within the time allotted herein, the request for costs and actual expenses, including attorneys' fees, will be deemed waived.

**SO ORDERED AND ADJUDGED**, this the 10th day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE